UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 06-cr-40029-JPG |
| | ) |
| KEON D. PENDLETON, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Keon Pendleton's *pro se* Motion for Retroactive Application of the Sentencing Guidelines to His Crack Cocaine Offense (Doc. 505) pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.  The Court appointed counsel for Pendleton, and said counsel has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of Pendleton's request.  Doc. 519; *Anders v. California*, 386 U.S. 738, 744 (1967).  Despite the allowance of a response period by this Court, Doc. 520, Pendleton did not respond to defense counsel's motion.  Meanwhile, the Government filed a Response (Doc. 521) that agreed with the basic assertions and relief sought by defense counsel.

On November 9, 2006, Pendleton pled guilty to one count of conspiracy to distribute 50 grams or more of cocaine base.  At sentencing, the Court found by a preponderance of the evidence that Pendleton's relevant conduct was at least 50 grams but not more than 150 grams of a mixture and substance containing cocaine base.  The Court also found that Pendleton was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which produced an applicable offense level of 37.  By entering into a plea agreement with the Government, Pendleton reduced this offense level by three points under U.S.S.G. § 3E1.1 for

acceptance of responsibility, leaving him with a total offense level of 34.  Considering Pendleton's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months imprisonment.  The Court ultimately imposed a low-end sentence of 262 months.  Pendleton now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

     Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

     Pendleton cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels

associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Pendleton, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Pendleton cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion to Withdraw and "No Merits" Statement (Doc. 519) and **DISMISSES** Pendleton's *pro se* Motion for Retroactive Application of the Sentencing Guidelines to His Crack Cocaine Offense (Doc. 505).  Further, the Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Keon Pendleton, Reg. No. 06853-025, USP Coleman II, U.S. Penitentiary, P.O. Box 1034, Coleman, Florida 33521.

**IT IS SO ORDERED.**
**DATED: November 29, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**