UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 6-cr-40029-JPG |
| KEON PENDLETON, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Keon Pendleton's ("Defendant" or "Pendleton") Motion to be Placed on House Arrest (Doc. 870). The Court construes this to be a motion to be placed on home confinement. Defendant was sentenced to 14 months in the Bureau of Prisons upon a hearing of a revocation of supervised release. (Doc. 865). Thus, because he is serving a sentence, his request would be one for home confinement.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different placement). The defendant may seek relief from the BOP by filing an administrative remedy, but the Court cannot help him.

For these reasons, the Court **DENIES** Defendant's Motion to be placed on house arrest (Doc. 870).

**IT IS SO ORDERED.**
**Dated: January 4, 2023**

                                                    /s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**